UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUE ELLEN HOLMSTRAND,<br><br>Plaintiff,<br><br>v.<br><br>MERCY HOUSING OF CALIFORNIA, et. al.,<br><br>Defendants. | No. 2:25-cv-02071-DAD-CKD PS<br><br>ORDER GRANTING IFP REQUEST AND DISMISSING WITH LEAVE TO AMEND |

Plaintiff Sue Ellen Holmstrand proceeds pro se in this action which is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636(b). Plaintiff has filed an application in support of her request to proceed in forma pauperis which makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) The request will be granted.

I. **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.

1

See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam).

## II.     ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint names Mercy Housing of California, Mercy Housing Property Management, Mercy Housing, Inc., and Does One through Twenty as defendants. (ECF No. 1.) Plaintiff asserts that she rented an apartment in a Mercy Housing complex in 2015[1], and in 2017 was assaulted by another resident "known by management to have had other problems with another tenant" whom she dated for a short time, (Id. at 3.) Plaintiff asserts that although management initially offered her a different apartment, they rented the apartment to someone else. (Id.) In July of 2023 "Mercy Housing, using completely fake documents stating that Plaintiff owed over $27,000 in back rent, evicted Plaintiff." (Id. at 4.)   Plaintiff alleges that "venue is appropriate in this court as the most recent violations occurred in Yolo County and the Mercy Housing California Property Management office is located in Sacramento County." (Id. at 3.) Plaintiff alleges that she became homeless until April of 2025. (Id. at 4.)

## III.     PLEADING STANDARDS

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

---

[1] The apartment rented by plaintiff was in Encinitas, California, and was a "Mercy Housing PRAC 202 (HUD) building." The Court understands this to mean that the apartment was Project Rental Assistance Contract under the Housing and Urban Development's 202 supportive housing for the elderly program.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

The federal courts are courts of limited jurisdiction, and a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004). The court must sua sponte dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

IV.  **THE COMPLAINT FAILS TO STATE A CLAIM AND FAILS TO SET FORTH A BASIS FOR FEDERAL JURISDICTION**

a. **Plaintiff's Allegations**

Plaintiff alleges that this court has "federal question jurisdiction." (ECF No. 1 at 2.) She also states that her rights under the Fair Housing Act (FHA), 42 U.S.C. § 3601 et. seq. have been

3

violated and alleges that "the case belongs in federal court due to the multiple violations of the VAWA.[2]" (Id.) Plaintiff also asserts supplemental jurisdiction under California state laws for her eviction. (Id. at 3.)

**b. Discussion**

Plaintiff's complaint does not contain a short and plain statement of the claims as required by Fed. R. Civ. P. 8(a)(2). The complaint does not contain factual allegations describing the specific actions or omissions that any defendant took relating to plaintiff's claims. The court is unable to discern what causes of action plaintiff intends to bring against whom and what factual allegations support those causes of action. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The complaint also fails to state a claim. "[N]aked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. Twombly, 550 U.S. at 555-57 (2007); see also Iqbal, 556 U.S. at 678. In other words, for example, plaintiff cannot state a claim based on discrimination or negligence merely by alleging discrimination or negligence occurred. Instead, plaintiff must set forth the factual allegations on which any such claim is based (i.e., who did what, when, and where).

Generally, the FHA makes unlawful discriminatory practices based on "race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The FHA also forbids interference with a person's enjoyment of any right granted or protected by § 3604. 42 U.S.C. § 3617. This section prohibits discriminatory harassment that unreasonably interferes with the use and enjoyment of a home, or "by another name, a hostile housing environment." Wetzel v. Glen St. Andrew Living Cmty., *LLC*, 901 F.3d 856, 861 (7th Cir. 2018).

The Ninth Circuit has not yet explicitly outlined the scope of landlord liability under an FHA hostile living environment claim for failing to address tenant-on-tenant harassment. See, e.g., Pardo-Pena v. Kaas Props. LLC, 2024 WL 3298284, at *4 (C.D. Cal. Feb. 9, 2024); Gibson

---

[2] Based on the context, the Court interprets the reference to VAWA to mean the Violence Against Women Act.

v. Cmty. Dev. Partners, 2022 WL 10481324, at *5 (D. Or. Oct. 18, 2022). District courts in this circuit have adapted tests from other circuits to analyze hostile living environment claims. See, e.g., Salisbury v. Hickman, 974 F. Supp. 2d 1282, 1290 (E.D. Cal. 2013); Vickerman v. Ramon Mobile Home Park Inc., 2015 WL 13918532, at *10 (C.D. Cal. Aug. 14, 2015); Pardo-Pena, 2024 WL 3298284, at *5.

These district courts have adopted one of two versions of an Eighth Circuit test. Under the first test, "a plaintiff must establish that she was subjected to (1) unwelcomed (2) sexual harassment that was (3) sufficiently severe or pervasive so as to interfere with or deprive the plaintiff of her right to use or enjoy her home." Salisbury, 974 F. Supp. 2d at 1290 (citing Quigley v. Winter, 598 F.3d 938, 946-47 (8th Cir. 2010)). Under the second test, a plaintiff must show that (1) she is a disabled individual (2) who experienced unwanted harassment (3) based on her class status, (4) the severity of which was sufficient to impact her right to enjoy her living arrangement, and (5) property managers were aware of or should have known about, and failed to promptly remedy the harassment. See Pardo-Pena, 2024 WL 3298284, at *5 (adapting this test from Neudecker v. Boisclair Corp., 2005 WL 1607409, at *2 (D. Minn. July 7, 2005)).

In this case plaintiff's allegations do not provide enough detail about the who, what, where, and when for the Court to find that her complaint states a claim for FHA discrimination.

As to plaintiff's VAWA allegations, VAWA's housing protections state that a covered tenant "may not be denied admission to, denied assistance under, terminated from participation in, or evicted from the housing" because the tenant is a victim of domestic violence, if the tenant "otherwise qualifies for admission assistance, participation, or occupancy." 34 U.S.C. § 12491(b)(1). VAWA includes mechanisms for agencies to ensure that victims of domestic violence maintain housing. For example, an agency "may bifurcate a lease" to "evict, remove, or terminate assistance to" a tenant who engages in domestic violence "without evicting, removing, terminating assistance to, or otherwise penalizing a victim of such criminal activity who is also a tenant." 34 U.S.C. § 12491(b)(3)(B)(i). If the public housing agency "evicts, removes, or terminates assistance to" a tenant who "is the sole tenant eligible to receive assistance under a

covered housing program," the agency "shall provide any remaining tenant or resident an opportunity to establish eligibility for the covered housing program." Id. at § 12491(b)(3)(B)(ii). If they "cannot establish eligibility," the agency "shall provide the tenant or resident a reasonable time ... to find new housing or to establish eligibility for housing under another covered housing program." Id.

Again, however, plaintiff's complaint does not include enough detail for the Court to find that she has stated a claim under VAWA.

### V. PLAIN LANGUAGE SUMMARY FOR PRO SE PARTY

The following information is meant to explain this order in plain English and is not intended as legal advice.

Your complaint is being dismissed because it fails to state a claim regarding the apartment you rented and management's actions. However, you are being given the chance to fix the problems identified in this order by filing an amended complaint. If you wish to file an amended complaint you must clearly identify the people involved, and the specific actions or inactions they undertook to support your allegations.

### VI. CONCLUSION

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). If plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" and reference the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); Local Rule 220. If plaintiff elects to file an amended complaint, the complaint should allege in specific terms how each named defendant is involved in the alleged violations.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: August 4, 2025

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKDHolmstrand.2071.scrn